[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Defendant moves to dismiss this foreclosure action on the ground of plaintiff's lack of standing to bring it. Standing is the legal right to set judicial machinery in motion. Because it clearly implicates the court's jurisdiction, it can be raised in a motion to dismiss. Ardmere Construction Co. v. Freedman,191 Conn. 497, 501 (1983).
The relevant facts are as follows. Defendant Peter J. Sklat executed a promissory note to pay The Community National Bank the principal sum of $163,230 plus interest on May 26, 1989 and on the same date executed a mortgage on real property in Glastonbury, Connecticut. In or about January 1991 the bank failed. The Federal Deposit Insurance Corporation was appointed receiver and took title to all the bank's assets, including the subject mortgage. On or about March 26, 1997, FDIC, as receiver of the bank, endorsed the note and assigned the mortgage to Diversified Financial Southeast, Inc. (hereinafter Diversified). On November 12, 1997 plaintiff Commercial Loan Services, Inc., pursuant to a Loan Sale Agreement, purchased from Diversified a group of assets including defendant's note and mortgage. The note was duly endorsed to plaintiff and plaintiff had possession of it at the time it started this action by service on March 23, 1998. The mortgage, however, was not assigned to plaintiff until July 15, 1998 and not recorded in the Glastonbury land records until July 27, 1998.
On these facts defendant asserts plaintiff lacks standing because the subject mortgage was not assigned to plaintiff until after the start of this suit. There is no merit to this claim. CT Page 89
First, plaintiff established ownership of defendant's note and mortgage by producing the signed Loan Sale Agreement between Diversified and plaintiff conveying the asset to plaintiff and by the fact plaintiff possessed the original documents. InConnecticut Bank Trust Co. v. Reckert, 33 Conn. App. 702, 705
(1994), the testimony of a Fleet Bank officer that the FDIC was the receiver of Connecticut Bank Trust Co. and had sold CBT and all its assets to Fleet was held sufficient to establish ownership of the subject mortgage in Fleet, without evidence of an assignment, and to entitle Fleet the right to foreclose.
Second, C.G.S. Sec. 49-17 permits "the person entitled to receive the money secured [by mortgage] but to whom the legal title to the mortgaged premises has never been conveyed" to bring a foreclosure action. Thus, plaintiff, being entitled to collect the debt owed by defendant, had standing to bring this suit even though at that time the mortgage had not been formally assigned to it.
Defendant further seeks to dismiss on the ground the lis pendens in this action was incorrectly served on the "defendant" Connecticut Bank Trust Co. rather than the Community National Bank. The file reveals FDIC, as receiver of Community Bank, subsequently waived service of the summons and complaint. Such a defect in the service of the lis pendens does not implicate the jurisdiction of this court, and defendant cites no cases to that effect. Moreover, our courts have overlooked such inadvertent errors, particularly when no prejudice accrued to the complaining party, as is the case here. First Constitution Bank v. HeritageVillage Ltd. Partnership, 230 Conn. 807, 816 (1994).
Defendant's motion to dismiss is denied.
Robert Satter Judge Trial Referee